IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALVIN FAULKNER, #186774           *
         Plaintiff,
  v.                              *   CIVIL ACTION NO. JFM- 07-3233

SGT. ROBERT DUDLEY                *
         Defendant.
                              ***

**MEMORANDUM**

On August 2, 2007, this court received for filing a 42 U.S.C. § 1983 civil rights complaint filed by Alvin Faulker, an inmate confined at that Maryland Correctional Institution in Hagerstown, Maryland ("MCIH"). *See Faulkner v. Dudley*, Civil Action No. JFM-07-2082 (D. Md.). The complaint statement contained conclusory legal allegations surrounding defendant Dudley's "misconduct," "negligence," and "discrimination" as to Faulkner's assignment to MCIH's North Dormitory "preferred" housing. *Id*. at Paper No. 1. Notwithstanding these naked assertions, the court permitted Faulkner to amend his complaint to provide a statement of facts in support of his claims against Dudley. Upon review of the amended pleading,[1] the court dismissed the action without prejudice on September 6, 2007, finding that: (1) Faulkner had no liberty interest or

---

[1]     In the amended pleading Faulkner claimed that:

> "[I am] suing defendant Robert Dudley (Sgt.) persenall [sic] for misuse of power discrimination and unwarranted emotional cruelty violative of both privilege and constitutional right by personally selecting certain inmates by virtue of there [sic] institution classification does not come within or fall within established police guideline or placement and assignment to honor housing in north dormitory. The defendant has further abused his authority as the Supervisor of Honor perferred [sic] housing by denying the plaintiff the right and privileges under established guideline for the honor housing where plaintiff fell within the guideline and where the defendant is unable to provide a rationale [sic] reliable justification for plaintiff['s] denial."

*See Faulkner v. Dudley*, Civil Action No. JFM-07-2082 at Paper No. 4.

fundamental right in placement in a particular housing assignment; and (2) although provided the opportunity to amend his complaint, Faulkner had failed to provide a statement of facts in support of his bald claim of "discrimination."[2] *See Faulkner v. Dudley*, Civil Action No. JFM-07-2082 at Paper No. 6.

On November 28, 2007, Faulkner re-filed his claims against Dudley in the instant case. Again, the statement of claim raises bald assertions of discrimination regarding Faulkner's assignment to the MCIH honor housing in the North Dormitory.  Faulkner states:

> "[I am] suing personally the defendant Robert Dudley Sgt. at the Maryland Correctional Institute-Hagerstown for intentionally engaging in discriminatory misconduct against plaintiff during the calendar year of 2005 thru 2006, the acts complained of falls outside the scope of his employment while acting as the supervising Officer of the perferred Honor housing at the North Dormitory, M.C.I-H.
>
> The defendant Robert Dudley primary duty at the North Dormitory is to re-assign inmates from the General Population of M.C.I.-H to the perferred Honor Housing at the North Dormitory.
>
> The plaintiff charges the defendant with violating plaintiff right under the Equal Protection of the Law of the Fourteenth Amendment by purposely denying plaintiff Honor perferred housing, plaintiff in this case not only meet the eligibility criteria of both the pre and post Honor Housing Policy for placement in the North Dormitory, but the defendant has repeatedly denied plaintiff Honor Housing an had assigned Honor housing to inmates to inmates that is excluded by policy for placed at North Dormitory Perferred Honor Housing, plaintiff moves this Court to reward a money damage judgment against the defendant and for the plaintiff."

Paper No. 1 at attached statement of claim.

Because he appears indigent Faulker's motion to proceed *in forma pauperis* shall be granted. The complaint shall, however, be dismissed without prejudice.  Again, there is no constitutional

---

[2] I noted that, at most, Faulkner was complaining that although he meets the eligibility criteria for assignment to honor housing at MCIH, Dudley had denied him same while favoring and selecting other inmates who may not fall within the eligibility guidelines.  *See Faulkner v. Dudley*, Civil Action No. JFM-07-2082 at Paper No. 6.  I concluded that a constitutional claim had not been stated.  *Id.*

mandate to provide housing on a particular tier. Further, Faulkner has in effect been afforded two separate opportunities to particularize his conclusory discrimination claims against Dudley and has yet to do so. As previously noted by this court, equal protection principles require generally that government officials behave in a way such "that all persons similarly situated should be treated alike." *Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). To succeed on an equal protection claim, plaintiff "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001); *see also Washington v. Davis*, 426 U.S. 229, 239-42 (1976); *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002). Plaintiff continues to claim that Dudley's failure to assign him to the honor dormitory is discriminatory, but again his statement is presented as a naked assertion. He must go beyond mere conclusory assertions that a particular action was taken or not taken with discriminatory animus. *See Chapman v. Reynolds*, 378 F.Supp. 1137, 1139 (W.D. Va. 1974). The allegations set out in the complaint do not set out an equal protection claim.

For the aforementioned reasons the complaint shall be dismissed without prejudice. A separate order effecting the ruling made in this memorandum is being entered herewith.

Date: December 13, 2007

                                             /s/
                                             J. Frederick Motz
                                             United States District Judge